**UNITED STATES of America,**
**Appellee,**

v.

**Vanderlei B. FERREIRA,**
**Defendant–Appellant.**

**No. 04–4091.**

United States Court of Appeals,
Second Circuit.

June 1, 2005.

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Peter J. Tomao, Garden City, NY, for Appellant.

Demetri Jones, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee, of counsel.

Present: OAKES, CABRANES Circuit Judges and GOLDBERG,* Judge.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is hereby **REMANDED** to the District Court for further proceedings consistent with this order.

Defendant-appellant Vanderlei B. Ferreira pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); the District Court entered judgment against him accordingly on April 15, 2004. The District Court sentenced Ferreira principally to 27 months' imprisonment and three years' supervised release.

On appeal, Ferreira challenges his sentence; he argues that the District Court erred in its application of an enhancement under the United States Sentencing Guidelines, specifically, U.S.S.G. § 2G2.4(b)(2), and in its allocation of the burden of proof with respect to a factual dispute relevant thereto.

Because Ferreira's arguments on appeal pertain to a sentencing scheme that is no longer applied in the same manner that it

was when he was sentenced, we decline to decide the particularities of the dispute between him and the Government. Rather, in light of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), this cause is hereby remanded to the District Court for further proceedings in conformity with *Crosby*.

Any appeal taken from the District Court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

Neither party to this matter will waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.